Manly, J.
 

 The instruction given by the Court below, as
 

 to the effect of the alteration, is not without the warrant of some earlier decisions, but we think is not in accordance with the later cases, and with the better reasoning on the subject.
 

 The case before us, seems to have-been a clumsy attempt to restore the name of the obligor, after it had been nearly obliterated by the spilling of ink. It is not, as we think, a material alteration, and does not, therefore, without proof of a fraudulent intent, vitiate the instrument, although made by the obligee. It is clear that neither spilled ink, nor a
 
 successful
 
 attempt at retracing, would constitute an alteration to avoid the instrument. It must, therefore, be the failure to retrace
 
 correctly.
 
 This failure consists in the change of a single letter,
 
 (i)
 
 to
 
 (a)
 
 and we are of opinion that does not so alter the sound as to make a different name. Pronouncing it with the ordinary accent, it will sound the same, whether
 
 *60
 
 it be written with an
 
 a, e,
 
 or
 
 i.
 
 The name, as changed then, is not a material variance from the original. The change does not alter the name to any other; neither does it vary the legal effects of the instrument, nor the rights of the respective parties thereto. The instrument, therefore, is the same in substance, and there can be no good reason why it should be made void in the hands of the obligee.
 
 The Granite Railway Company
 
 v.
 
 Bacon,
 
 reported in 15 Pickering, 239, was a case in which another payee was interpolated into a bill of exchange (the name being placed over the original payee and the latter left unobliterated.) This was done by the holder without any fraudulent purpose, and it was held not to avoid the bill.
 

 "Wherever the alteration is a material one, a
 
 presumption
 
 of fraud arises, but it is, as we conceive, a rebuttable presumption ; but where the alteration is not material, the instrument will not be affected thereby, unless it be shown the alteration was made with an intent to defraud; 2 Parsons on Contracts, 226, (notes);
 
 Adams
 
 v.
 
 Frye,
 
 3 Metcalf Rep. 103. The case of
 
 Blackwell
 
 v.
 
 Lane,
 
 4 Dev.
 
 &
 
 Bat. Rep. 113, was, where a person, with no fraudulent intent, had, without the direction or consent of two of the obligors, placed his name to a bond as an attesting witness. This was decided not to avoid the obligation as to the
 
 two;
 
 but whether it was on the ground, that the alteration was immaterial, or, if material, without fraudulent intent, does not distinctly appear.
 

 The Court below held the alteration, stated upon the record, to be such, that if made by the obligee, or any one who represented him, it would avoid the bond. In this, we think, there is error.
 

 The other points in the case, it is not necessary for us to notice. The disposition made of the principal one, upon which the others hang, disposes of them.
 

 The judgment of the Superior Court is reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.